UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISE DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 4952 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Louise Davenport ("Davenport"), who has been seeking Social Security disability benefits for years, filed a complaint to challenge a decision of the Social Security Administration. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction.

**I.      Background**

This is the fourth time Davenport has filed a federal complaint in an attempt to obtain Social Security disability benefits. The first time Davenport filed a complaint, the district court, in February 2005, remanded her case to the Commissioner so that the Administrative Law Judge could reconsider the evidence. The second and third times Davenport filed federal complaints, her complaints were dismissed for lack of jurisdiction, because Davenport had failed to exhaust her administrative remedies. Believing she now has a final order, Davenport has again filed a federal complaint.

In 2005, after the case was remanded to the Commissioner, The Appeals Council vacated the decision of the ALJ and remanded the case to an ALJ for a hearing. The Social Security

Administration sent Davenport a letter, which stated that Davenport could send in additional evidence that she wanted considered at her hearing. On September 1, 2005, ALJ Edwin Shinitzky ("ALJ Shinitzky") sent Davenport a letter informing her that she needed to attend a consultative examination so that he could evaluate her claim. Based on ALJ Shinitzky's request, the SSA scheduled Davenport for consultative examinations with three specialists. Davenport failed to attend and failed to reschedule the appointments, because she thought they were unnecessary and because she thought they were evidence of bias against her.

Notwithstanding Davenport's failure to attend the appointments, ALJ Shinitzky notified Davenport that he would conduct her hearing on May 3, 2006 at 2:45. Davenport attended, but the hearing did not happen. Davenport says ALJ Shinitzky told her that her case should be heard by Cynthia Bretthauer ("ALJ Bretthauer"), the ALJ who had originally heard Davenport's application for benefits.

A year later, on May 11, 2007, ALJ Bretthauer sent Davenport notice that ALJ Bretthauer would conduct a hearing on Davenport's case on June 5, 2007 at 11:30 a.m. Among other things, the notice stated:

> I have set aside this time to hear your case. If you do not appear at the hearing and I do not find that you have good cause for failing to appear, I may **dismiss** your request for hearing. I may do so without giving you further notice.

(Ad.Rec. at 367). Davenport did not attend. As she said in her brief, "I refused to attend the 2007 hearing–because this biased ALJ was presiding over it."

On June 8, 2007, ALJ Bretthauer sent Davenport a "Notice to Show Cause for Failure to Appear" at the hearing. Among other things, the notice stated that Davenport must, by June 22, 2007, provide a written statement of a good reason why Davenport missed the hearing. The

-2-

notice also stated that if Davenport failed to show good cause, the ALJ would dismiss her request for hearing. Davenport sent ALJ Bretthauer a letter dated June 22, 2007. The letter did not state why Davenport did not attend the hearing. Rather, the letter stated reasons why Davenport believed ALJ Bretthauer to be unfair.

On July 16, 2007, ALJ Bretthauer entered an order of dismissal, thereby dismissing Davenport's request for hearing. Among other things, ALJ Bretthauer stated that she had found "no good cause for the claimant's failure to appear at the time and place of hearing." On or about September 15, 2007, Davenport filed a request with the Appeals Council for review of ALJ Bretthauer's decision to dismiss her request for hearing. On June 18, 2008, the Appeals Council denied the request for review. Davenport was not given notice of the Appeals Council's denial until July 12, 2009, and she filed her complaint with this court within sixty days thereafter.

The defendant moves to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants the motion.

**II.     Standard on a motion to dismiss**

In considering whether to dismiss a case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)). In addition to the complaint and the parties' briefs, the Court has considered the administrative record.

## III. Discussion

The SSA moves to dismiss Davenport's complaint on the grounds that the Court lacks subject matter jurisdiction.

Jurisdiction to review a decision of the Social Security Administration to deny benefits is available only under 42 U.S.C. § 405(g), and § 405(g) requires a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). Section 405(g) leaves "final decision" undefined, and the Secretary is left to regulate the administrative remedies. *Weinberger*, 422 U.S. at 766. The regulations set out a four-step process that must be completed before one can litigate his claim in federal court.

The administrative process may end, however, without a "final decision . . . made after a hearing" that is appealable in federal court. In *Califano v. Sanders*, the Supreme Court concluded that a federal court does not have jurisdiction to review the agency's decision to deny a request to reopen a prior final decision. *Califano v. Sanders*, 430 U.S. 99, 108-109 (1977) (noting that the agency could deny without a hearing a request to reopen a prior decision). The Seventh Circuit has also concluded that the agency's refusal to extend administrative deadlines for requesting a hearing before an ALJ is not reviewable under § 405(g). *Watters v. Harris*, 656 F.2d 234, 238-239 (7th Cir. 1980).

Based on these precedents, this Court agrees with the courts that have concluded that § 405(g) does not provide a federal district court jurisdiction to review an ALJ's decision to dismiss a claimant's request for hearing on the grounds that the claimant failed to attend the hearing. *Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992); *Doe v. Secretary of Health and*

*Human Services*, 744 F.2d 3 (1st Cir. 1984); *Garza v. Chater*, 891 F. Supp. 464 (N.D. Ill. 1995); *see also Kiiker v. Astrue*, Case No. 09-3209, 2010 WL 318396 at *1 (10th Cir. Jan. 28, 2010) ("Thus when, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal.") (unpublished). In this case, Davenport failed to attend her hearing. The ALJ gave her an opportunity to show whether she had good cause for missing her hearing. After the ALJ concluded that Davenport lacked good cause for missing her hearing, Davenport appealed to the Appeals Council, which agreed with the ALJ's decision. Davenport, by appealing the ALJ's decision to the Appeals Council, has taken her administrative proceeding as far as it will go. The Court understands why she thinks she has now "exhausted her administrative remedies." Unfortunately, though, the Court does not have jurisdiction to review a decision of the ALJ to dismiss her request for hearing after she, without good cause, failed to attend her hearing.

Still, if Davenport has presented a colorable constitutional challenge collateral to her claim for benefits, the Court would have jurisdiction over that claim. *See Weinberger*, 422 U.S. at 767; *Watters*, 656 F.2d at 240. Accordingly, the Court considers whether Davenport presents a colorable constitutional challenge. In her complaint and briefs, Davenport asserts that she was denied due process, because ALJ Bretthauer was biased against her. As evidence, Davenport points to the fact that ALJ Bretthauer had previously ruled against her (a decision vacated by Judge Lefkow in Davenport's original federal suit) and that ALJ Bretthauer scheduled her for consultative examinations.

The Seventh Circuit's "standard in determining whether an ALJ's display of bias or hostility requires setting aside his findings and conclusions and remanding the case for hearing

before a new ALJ is an exacting one." *Keith v. Barnhart*, 473 F.3d 782, 788 (7th Cir. 2007). The ALJ is presumed to be unbiased, and that presumption is rebutted if "the decisionmaker 'displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *Keith*, 473 F.3d at 788 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). It is not enough that the ALJ ruled against the party–even multiple times. *Keith*, 473 F.3d at 789 ("our precedent is clear: '[b]ias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law'") (quoting *McLaughlin v. Union Oil Co.*, 869 F.2d 1039, 1047 (7th Cir. 1989)). Here, Davenport complains because the ALJ had previously ruled against her and because the ALJ scheduled consultative examinations. Neither of these is evidence of bias. The Court concludes that Davenport does not have a colorable constitutional claim and that, accordingly, this Court lacks jurisdiction.

Because the Court lacks jurisdiction over this case, the Court grants defendant's motion to dismiss.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss for want of subject matter jurisdiction.

ENTER:

*George M. Marovich*

George M. Marovich
                                         United States District Judge

DATED: May 28, 2010